IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:04cr100-F |
| | ) | WO |
| LETTA GORMAN | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendants are charged with conspiracy in violation of 18 U.S.C. § 371, aiding and abetting each other in the obstruction of a federal auditor in violation of 18 U.S.C. § 1516 and 2, and aiding and abetting each other in making false statements in violation of 18 U.S.C. § 1001 and 2. Now pending before the court is defendant Gorman's motion to sever (doc. # 101) filed on March 11, 2005. Gorman contends that if the defendants' trials are severed, defendant Curry would testify on her behalf. The court heard oral argument on June 2, 2005. After careful consideration of the motion, briefs of the parties and oral argument, the court concludes that the motion to sever is due to be denied.

The general rule in this Circuit is that defendants who are jointly indicted should be tried together. However, FED.R.CRIM.P. 14 provides in relevant part as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A severance becomes necessary if, without a severance, a defendant would be unable to receive a fair trial and she would suffer "compelling prejudice against which a trial court could offer no protection." *United States v. Freyre-Lazaro,* 3 F.3d 1496, 1501 (11th Cir. 1993)

(quoting *United States v. Magdaniel-Mora*, 746 F.2d 715, 718 (11th Cir. 1984)).  *See also United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989).  The standard for determining compelling prejudice is whether the jury could compare and estimate the independent evidence against the defendant on each count and reach individual verdicts as to each count. *United States v. Pirolli*, 742 F.2d 1382, 1386 (11th Cir. 1984).  *See also United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987).  A defendant must demonstrate specific and compelling prejudice to justify severance. *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985). The defendant fails here to make that showing.

    The defendant has merely recited the conclusory statement that she "believes, and upon such information and belief, alleges the fact to be that co-defendant Ann Curry would, if the defendants were severed and tried separately, testify on behalf of this Defendant." (Def. Gorman's Mot. to Sever at ¶ 3).  At oral argument, defendant Gorman conceded that she was speculating about whether defendant Curry would testify on her behalf because whether Curry would testify is entirely dependent on the order of separate trials. Consequently, Gorman provides no factual support to demonstrate she is entitled to severance.

    To the extent that Gorman asserts that use of Curry's 'statements' against her will create a *Bruton* problem,[1] at this juncture, the defendant has not shown to the court that the United States will be unable to comply with *Bruton* and *Richardson* or that the trial court

---

[1] Under *Bruton v. United States*, 391 U.S. 123 (1968), a non-testifying co-defendant's statement is inadmissible if the statement facially incriminates another defendant.  If, however, the statement does not facially incriminate another defendant but merely becomes incriminating after being linked with evidence that is later introduced at trial, the statement may be introduced if redacted so as "to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).  *See also United States v. Butler*, 102 F.3d 1191 (11th Cir. 1997).

cannot otherwise protect her from prejudice. Thus, severance based on *Bruton* is not warranted at this time. The defendant, of course, is free to raise the *Bruton* issue at trial if the United States fails to comply with the requirements of *Richardson*. *See Gray v. Maryland*, 523 U.S. 185 (1998).

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the motion to sever filed by defendant Gorman be DENIED. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **June 21, 2005**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 14th day of June, 2005.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE