IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:04cr100-F |
| | ) | WO |
| LETTA GORMAN | ) | |

**ORDER ON MOTION**

Now pending before the court is defendant Gorman's motion to strike surplusage (doc. # 99) filed on March 11, 2005. The court heard oral argument on the motion on June 2, 2005. The defendant asserts that paragraphs 1 through 25 should be stricken from the Superseding Indictment and any reference to the allegations in those paragraphs in voir dire, opening statements, closing arguments, testimony, or other statement in the presence of the jury should be prohibited. The allegations in these paragraphs concern the Appalachian Regional Commission (ARC), the appropriations process, ARC programs, and invoices submitted to AUM by the defendants. After careful review and consideration, the court concludes that the motion to strike surplusage should be granted only as to the last two lines of paragraph 21[1] and paragraph 22 in its entirety.

> A motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.... [T]his is a most 'exacting standard.'" *United States v. Huppert,* 917 F.2d 507, 511 (11th Cir. 1990) (quoting 1 Charles A. Wright, *Federal Practice and Procedure* § 127 at 424-29 (1982)).

---

[1] Specifically, the court strikes the following language from paragraph 21.

In addition, Dottie Cupp was informed at this meeting that Joe Veres did not work on the AMEN project. According to those present at this meeting, Joe Veres did work on the Microsoft Certification System Engineer project - a separate and distinct project from AMEN for which ARC awarded a grant and AUM contracted with Gorman & Associates.

*United States v. Awan,* 966 F.2d 1415, 1426 (11th Cir. 1992).

Paragraph 22, coupled with the last two lines of paragraph 21, allege matters which are prejudicial to the defendants and are not merely statements of fact. In addition, the statements appear at this juncture to be hearsay and inadmissible. Consequently, the court concludes that paragraph 22 and the two lines of paragraph 21 have the potential to prejudice and/or confuse the jury because the statements do not relate to or are inconsistent with the charges. Nothing in this order should be construed as barring proof at trial of the relevence and admissibility of the statements contained in these paragraphs, and the United States is is free to raise this issue at trial if the evidence so warrants.

Accordingly, it is

ORDERED that the motion to strike surplusage be and are hereby GRANTED solely to the extent that the last two lines of paragraph 21 and paragraph 22 in its entirety be and are hereby STRICKEN. The motion be and is hereby DENIED in all other respects.

Done this 15th day of June, 2005.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE