IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:04-cr-100-F |
| | ) | |
| LETTA DILLARD GORMAN and | ) | |
| ANN CURRY | ) | |

## **O R D E R**

Defendants Letta Gorman and Ann Curry filed Motions to Continue Trial (Doc. #136 and Doc. #139).  While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

Both motions state that a tentative agreement has been reached by the parties but said agreement is not yet committed to writing.  The agreement calls for the government to consider and possibly recommend pretrial diversion for the defendants. Consequently, the

court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.    See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the defendants' motions (Doc. #136 and Doc. #139) filed on June 26, 2005 and June 29, 2005 are GRANTED;

2.  That the trial of this case is continued from the August 1, 2005 trial term to the November 7, 2005 trial term.

3.  That the Magistrate Judge conduct a pretrial conference prior to the November 7, 2005 trial term.

DONE this 30th day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE